1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | MATTHEW WRIGHT, | CASE NO. C12-2065JLR

11 | Plaintiff, | ORDER GRANTING MOTION
FOR EXTENSION OF TIME,
12 | v. | GRANTING MOTION TO
REMAND, AND DENYING
13 | NORTH AMERICAN TERRAZZO, | MOTION TO CONSOLIDATE
et al.,
14
Defendants.
15

16

## I.   INTRODUCTION

17    This matter comes before the court on Plaintiff Matthew Wright's motion for

18 extension of time to file an amended complaint (Mot. for Extension (Dkt. # 38)), Mr.

19 Wright's motion to remand the action to state court (Mot. to Remand (Dkt. # 39)), and

20

21

22

ORDER- 1

1   Defendant North American Terrazzo[1] ("NAT") and named individual Defendants'

2   motion to consolidate cases (Mot. to Consol. (Dkt. # 34)).  Having considered the

3   submissions of the parties, the balance of the record, and the relevant law, the court

4   GRANTS Mr. Wright's motion for extension of time to file an amended complaint (Dkt.

5   # 38), GRANTS Mr. Wright's motion to remand (Dkt. # 39), and DENIES Defendant's

6   motion to consolidate (Dkt. # 34).

7                                **II.    BACKGROUND**

8         Mr. Wright filed an employment discrimination complaint in King County

9   Superior Court on September 17, 2012, against NAT, International Bricklayers and

10  Allied Craftworkers Union, Local 1 ("the Union"), and several individual Defendants.

11  (*See* Compl. (Dkt. # 3-1).)  On November 26, 2012, Defendants moved to have the case

12  removed to federal court.  (Joint Notice of Removal (Dkt. # 1).)  Mr. Wright did not

13  contest removal, as several of his claims were predicated on federal statutes. (*See* Dkt.;

14  Compl. ¶ 1.)  Three days after removal, the Union, along with Defendants Steve Honick

15  and Dennis Becker, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure

16  12(b)(6). (*See* Union Mot. (Dkt. # 9).)  On February 5, 2013, the court granted the

17  Union's motion to dismiss and granted Mr. Wright leave to amend his complaint.  (2/5/13

18  Order (Dkt. # 20).)  Subsequently, Mr. Wright voluntarily dismissed all of his claims

19  against Mr. Becker, Mr. Honick and the Union. (Stip. Vol. Dismissal (Dkt. # 21).)

20  _____

21       [1] North American Terrazzo is misspelled throughout the earlier briefings by Mr. Wright
    as North American Terrazo.  North American Terrazzo's attorney clarified the correct spelling as
22  "Terrazzo" and all prior documentation with the incorrect spelling should be assumed to be the
    same party. (Not. of Appearance (Dkt. # 6) at 1.)

1    On February 29, 2013, fourteen days after the court's Order on Motion to Dismiss

2  (2/5/13 Order), Mr. Wright timely filed his first amended complaint against NAT and the

3  remaining individual Defendants.  (1st Am. Compl. (Dkt. # 22).)  On April 11, 2013,

4  NAT and some of the remaining individual Defendants filed a Federal Rule of Civil

5  Procedure 12(b)(6) motion to dismiss, contesting the sufficiency of the pleadings.  (NAT

6  Mot. (Dkt. # 30).)  On June 10, 2013, the court granted in part and denied in part the

7  motion to dismiss, allowing Mr. Wright 20 days leave to amend his complaint.  (6/10/13

8  Order (Dkt. # 33).)  The court warned that if Mr. Wright did not file "within the time

9  limit set by the court," the failure to do so "w[ould] result in dismissal of this action with

10  prejudice." (*Id.* at 20.)  Mr. Wright did not submit his second amended complaint within

11  the 20-day window because he believed that "if [he] did not file the amended complaint,

12  then the causes of action that were not dismissed pursuant to the Court's order would

13  remain but those causes of action dismissed via the Court's order would be dismissed

14  with prejudice." (Mot. for Extension at 2.)

15    On July 3, 2013, two days after the deadline to file his amended complaint, Mr.

16  Wright filed a motion for extension of time to file an amended complaint.[2]  (*Id.*; Reply to

17

18    [2] Mr. Wright had 20 days from the date of the court's Order on Motion to Dismiss to file
his amended complaint. (6/10/13 Order at 20-21). The 20-day time period granted by the court
19  expired on Sunday, June 30, 2013. Per Local Rule 6(a), when the period of time permitted in a
court order ends and "the last day of the period is a Saturday, Sunday, or legal holiday, the time
20  period continues to run until the following day that is not a Saturday, Sunday, or legal holiday."
Local Rules W.D. Wash. CR 6(a). Thus, because the 20-day time period ended on Sunday, June
21  30, Mr. Wright had until Monday, July 1, 2013, to file his amended complaint. Mr. Wright did
not file his amended complaint on July 1, 2013. Instead, he filed a motion for extension of time
22  to file an amended complaint on July 3, 2013—two days after his filing period had expired.
(Dkt. # 38.)

ORDER- 3

1  Mot. to Consol. (Dkt. # 37) at 2.)  On the same day, Mr. Wright also filed a motion to

2  remand the case to state court, arguing that the court lacked subject matter jurisdiction

3  following the dismissal of the federal claims.  (Mot. to Remand.)  In the meantime,

4  Defendants, except for John and Jane Does 1-25, moved to have the case consolidated

5  with *Jesse Thompson, et al. v. North American Terrazzo, Inc. et al.*, No. C13-1007 (W.D.

6  Wash.), pursuant to Federal Rule of Civil Procedure 42(a).  (Mot. to Consol.)  The court

7  will address each of the three motions—Motion for Extension of Time to File, Motion to

8  Remand, and Motion to Consolidate—in turn.

9                                    **III.    ANALYSIS**

10  **A.       Motion for Extension of Time to File an Amended Complaint**

11        Mr. Wright asserts that his misunderstanding of the court's Order on Motion to

12  Dismiss (6/10/13 Order) is excusable neglect and thus he should be granted an extension

13  of time to file his amended complaint.  (Mot. for Extension at 3.)  Defendants disagree,

14  stating that the court's Order was clear and put Mr. Wright on notice that he had 20 days

15  to file an amended complaint "or else the court w[ould] dismiss his case with prejudice."

16  (6/10/13 Order at 21; *see* Def. Resp. to Mot. for Extension (Dkt. # 40) at 2.)  The court's

17  decision whether to grant an extension of time is governed by Rule 6(b)(1)(B).  That rule

18  states that, "[w]hen an act may or must be done within a specified time, the court may,

19  for good cause, extend the time . . . on motion made after the time has expired if the party

20  failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

21        The Supreme Court holds that excusable neglect "is at bottom an equitable [issue],

22  taking account of all relevant circumstances surrounding the party's omission." *Briones*

1  *v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs.*

2  *Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Noting that Congress

3  "has provided no other guideposts for determining what sorts of neglect will be

4  considered 'excusable,'" the Court found that the relevant circumstances to consider

5  include "danger of prejudice . . . , the length of the delay and its potential impact on

6  judicial proceedings, the reason for the delay . . . and whether the movant acted in good

7  faith."  *Id*.  The Court found that "it is clear that 'excusable neglect' under Rule 6(b) is a

8  somewhat 'elastic concept' and is not limited strictly to omissions caused by

9  circumstances beyond the control of the movant."  *Id*. at 381 (quoting *Pioneer Inv. Servs.*

10  *Co.*, 507 U.S. at 391).  The Supreme Court's analysis of "excusable neglect" in *Pioneer* is

11  clearly applicable to Rule 6(b) within the Ninth Circuit.  *Comm. for Idaho's High Desert*

12  *Inc. v. Yost*, 92 F.3d 814, 824 n.4 (9th Cir. 1996); *see also Reynolds v. Wagner*, 55 F.3d

13  1426, 1429 (9th Cir. 1995).

14        Mr. Wright claims that the court's Order on Motion to Dismiss (6/10/13 Order)

15  was unclear as to the consequences of not filing an amended complaint within the 20-day

16  time period. (*See generally* Mot. for Extension.)  Because Mr. Wright found the Order

17  unclear, he concluded that "[i]t is clearly a reasonable interpretation of this Court's order

18  to assume that only those causes of actions (sic) that were expressly dismissed would be

19  dismissed with prejudice but the remaining causes of action not expressly dismissed by

20  this Court's order would not be dismissed, even if the Plaintiff did not file an amended

21  complaint."  (*Id.* at 3.)  Defendants are correct that the Court's Order on Motion to

22  Dismiss did state that "Mr. Wright must file an amended complaint within 20 days of the

1  date of this order or else the court will dismiss his case with prejudice." (6/10/13 Order

2  at 21.) However, the Supreme Court has "generally recognized that 'excusable neglect'

3  may extend to inadvertent delays." *Pioneer Inv. Servs. Co.*, 507 U.S. at 391-92. This is a

4  case of inadvertent delay. Further, it is a case in which no objective indicators suggest

5  that the inadvertent delay should not fall into the category of excusable neglect. There is

6  no danger of prejudice to Defendants, the delay was only two days and will have no

7  impact on judicial proceedings, and all indications are that Mr. Wright acted in good

8  faith. The court has reviewed the record in this case and concludes that Mr. Wright's

9  neglect is excusable and there is good cause to grant him an extension of time. Thus, the

10 court GRANTS Plaintiff's motion for an extension.

11      The court also acknowledges that its prior order (6/10/13 Order) may have caused

12 confusion regarding whether Mr. Wright had an obligation to file an amended complaint.

13 To alleviate any further confusion, the court amends page 20, lines 15-16 of the prior

14 order to read, "Failure to do so within the time limit set by the court will result in

15 dismissal of *these claims* with prejudice," and amends page 21, lines 11-12 to read, "Mr.

16 Wright must file an amended complaint within 20 days of the date of this order or else

17 the court will dismiss with prejudice the claims for which he has been granted leave to

18 amend." The court accepts Mr. Wright's amended complaint (2d Am. Compl. (Dkt.

19 # 38-2)) without any comment as to its merit.

20 **B.    Motion to Remand to State Court**

21      Plaintiff argues that because all his federal claims have been dismissed, this court

22 lacks subject matter jurisdiction, and the case should be remanded to state court. (Mot. to

ORDER- 6

1 │ Remand at 2-3.)  On the other hand, Defendants call the motion to remand "outrageous,"

2 │ arguing that "[t]his court's supplemental jurisdiction over Mr. Wright's state law claims

3 │ was not destroyed by the dismissal of his federal claims."  (Resp. to Mot. to Remand

4 │ (Dkt. # 41).)  Defendants are correct in that this court retains supplemental jurisdiction

5 │ over Mr. Wright's state law claims even though all of his federal claims have been

6 │ dismissed.  *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938-39 (9th

7 │ Cir. 2003), *amended and superseded on other grounds by* 350 F.3d 916 (9th Cir. 2003).

8 │ The issue is whether it would be proper to exercise the court's discretion to remand the

9 │ state law claims in light of the court's dismissal of all of the federal law claims.  *See* 28

10 │ U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction

11 │ over a claim . . . if . . . the district court has dismissed all claims over which it has original

12 │ jurisdiction . . . .")

13 │         The Supreme Court ruled that "a federal district court has discretion under the

14 │ doctrine of pendent jurisdiction to remand a properly removed case to state court when all

15 │ federal law claims in the action have been eliminated and only pendent state law claims

16 │ remain."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988).  In evaluating

17 │ when it is inappropriate to exercise pendent jurisdiction, courts should consider "the

18 │ values of judicial economy, convenience, fairness, and comity."  *Mine Workers v. Gibbs*,

19 │ 383 U.S. 715, 726 (1966); *Carnegie-Mellon*, 484 U.S. at 350; *Acri v. Varian Assocs.*,

20 │ *Inc.*, 114 F.3d 999, 1001 *supplemented*, 121 F.3d 714 (9th Cir. 1997).  The "doctrine of

21 │ pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with

22 │

1    cases involving pendent claims in the manner that most sensibly accommodates a range

2    of concerns and values." *Carnegie-Mellon*, 484 U.S. at 350.

3         There is no dispute that this court has dismissed all of the federal claims upon

4    which removal was originally based. (Mot. to Remand at 3; Resp. to Mot. to Remand at

5    2.) Thus, the question remains whether, in light of the four *Gibbs* factors, the court

6    should retain jurisdiction over the state law claims or remand to state court. The court

7    now considers each of the four factors (economy, convenience, fairness, and comity) in

8    turn and, having done so, GRANTS Mr. Wright's motion to remand.

9         1.  Judicial Economy

10        The first factor is judicial economy. In the context of a motion to remand, judicial

11    economy refers to the "investment of judicial energy" into a case or controversy. *Rosado*

12    *v. Wyman*, 397 U.S. 397, 403 (1970); *see Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir.

13    1986). For example, courts may consider: (1) the amount of time that has been invested

14    in analyzing the state claims, *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.

15    1989); *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 904 (9th Cir. 1983) ("The district court

16    did not abuse its discretion in retaining jurisdiction to decide the state claims, because the

17    record shows that the court and the litigants had expended considerable time on the

18    pendent claims before the antitrust claims were dismissed."); (2) whether there have been

19    hearings and/or arguments prior to the dismissal of the federal claims, *see Rosado*, 397

20    U.S. at 403-04; *Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 546 (2d Cir. 1989)

21    (district court retained jurisdiction after federal claims had been dismissed following 11

22    months of heated pretrial litigation); and (3) if a party's "strategy may have been

1  influenced by the fact that they are proceeding in federal court, and from the record it

2  appears that it had not occurred to any party that the action might be tossed into the state

3  system." *Schneider v. TRW, Inc.*, 938 F.2d 986, 995 (9th Cir. 1991) (district court

4  retained jurisdiction where "[u]nless the district court was without power to hear the case,

5  which is not the situation here, we ought not surprise the district court and parties with an

6  unprecedented pronouncement that the case must go to state court, where nobody has

7  ever wanted or expected it to be").

8          In light of the proceedings thus far, judicial economy favors remand to state court.

9  This case, while it has been in federal court for over seven months,[3] has not proceeded to

10  discovery or the summary judgment stage.  There have been no oral arguments.  Further,

11  the parties' strategies would not be irreversibly influenced by remand because the

12  original claims were brought in state court.  Although Defendants, who removed the

13  claims to federal court, may prefer federal jurisdiction, remand to state court will in no

14  way preclude their arguments or briefings thus far.  Regarding judicial time and energy

15  spent on the claims thus far, this court has rendered three substantive orders.  The three

16  orders are:  two Orders on Rule 12(b)(6) motions to dismiss (Dkt. ## 20, 33) and one

17  Order regarding the jury demand (Dkt. # 29).  Although these orders have taken time and

18  resources, the court feels the time spent does not justify the retention of jurisdiction over

19  claims predicated entirely on state law.  State court is a more appropriate forum under

20

21          [3] The Joint Notice of Removal (Dkt. # 1), which designates when the claims left state court and entered federal court, is dated November 26, 2012.

22

1  these circumstances.  Considering the record, and the applicable law, the court concludes

2  that this factor weighs in favor of Mr. Wright's motion to remand.

3      2.  Convenience

4      The second factor is convenience.  Unfortunately, in the context of a motion to

5  remand, the definition of "convenience [has] not [been] significantly advanced by federal

6  adjudication."  *Schneider*, 938 F.2d at 997 (dissenting opinion).  Courts look to see if, in

7  light of the record and accumulated federal proceedings, the state claims "may easily be

8  carried across the street to the courtroom of a state superior court judge."  *Id.* (quotations

9  omitted).  As this case was originally brought in state court, the court presumes that the

10 parties would have no problem carrying the claim back across the street to state court.

11 Thus, the court concludes that this factor weighs in favor of Mr. Wright's motion to

12 remand.

13     3.  Fairness

14     The third factor is fairness.  In the context of a motion to remand, fairness means

15 not allowing a plaintiff to "take its chips off the table because it didn't like the dealer's,

16 [court's], hand."  *Albingia Versicherungs A.G.*, 344 F.3d at 939.  In analyzing fairness in

17 the context of a motion to remand, courts have looked to whether "a surer-footed reading

18 of state law would be available in state court," *Schneider*, 938 F.2d at 996 (court granted

19 motion to remand when it concluded that the Ninth Circuit was split as to how to interpret

20 the California law), whether "the plaintiff has engaged in any manipulative tactics when

21 it decides whether to remand a case," *Carnegie-Mellon*, 484 U.S. at 357, and where

22 plaintiff originally filed the action.  *Fletcher v. Solomon*, No. C06-5492, 2006 WL

1   3290399, at *3 (N.D. Cal. Nov. 13, 2006) (remanding action to state court, finding that

2   "plaintiffs clearly desire a state forum, as they could have filed this action as an original

3   matter in federal court but chose not to do so").

4          In applying these considerations to the case before the court, the fairness factor

5   also favors remand to state court. The remaining claims involve only Washington law

6   and therefore would receive a "surer-footed" interpretation in state court. *See Schneider*,

7   938 F.2d at 996. Although there is no indication that the district court is unable to

8   interpret Washington law, "state law . . . is better left to the state judiciary." *Nat'l*

9   *Audubon Soc. v. Dep't of Water*, 858 F.2d 1409, 1418 (9th Cir. 1988), *superseded on*

10  *other grounds by* 869 F.2d 1196 (9th Cir. 1988). As for manipulative tactics, Mr. Wright

11  does not appear to be taking steps to manipulate the forum. He originally filed in state

12  court, and has timely moved for remand to state court following the dismissal of his

13  federal claims. (Mot. to Remand.) Of the parties that originally moved to have the case

14  removed to federal court, only one remains, the rest having been voluntarily dismissed.

15  (Stip. Vol. Dismissal.) Plaintiff, Mr. Wright "clearly desire[s] a state forum, as [he]

16  could have filed this action as an original matter in federal court but chose not to do so."

17  *Fletcher*, 2006 WL 3290399. This factor favors remand.

18         4. Comity

19         The final factor is comity. "Comity, in the legal sense, is neither a matter of

20  absolute obligation, on the one hand, nor of mere courtesy and good will, upon the

21  other." *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895); BLACK'S LAW DICTIONARY (9th

22  ed. 2009), comity. The Supreme Court held in *Gibbs* that "[n]eedless decisions of state

1   law should be avoided both as a matter of comity and to promote justice between the

2   parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S.

3   at 726.  Mr. Wright argues that because this court has dismissed all federal claims, comity

4   requires that a state court hear the claims.  (Mot. to Remand at 3-4).  Defendants argue to

5   the contrary that comity allows federal courts to retain jurisdiction over the claims.  (*See*

6   *generally* Resp. to Mot. to Remand.)  Where all federal claims have been eliminated and

7   only pendent state law claims remain, the Supreme Court has said that the district court

8   has a powerful reason to choose not to continue to exercise jurisdiction.  *See Carnegie-*

9   *Mellon*, 484 U.S. 343.  In light of the fact that all remaining claims in this case are based

10  on state law and the federal court has the opportunity to avoid "needless decisions of state

11  law," the comity factor favors remand.  *Gibbs*, 383 U.S. at 726.

12          Based on the above analysis of the four *Gibbs* factors, and given that all four

13  factors favor remand,[4] the court GRANTS Mr. Wright's motion to remand.

14  **C.      Motion to Consolidate**

15          Defendants North American Terrazzo, and Defendants Rubenstein, Geiger, Singh

16  and Novoa move to consolidate this case with *Jesse Thompson, et al. v. North American*

17  _____

18  [4] In light of the Ninth Circuit's ruling in *Executive Software North America, Inc. v. United States
    District Court for Central District of California*, the court takes extra strides to ensure that it is
19  adequately articulating reasons for remanding the pendent claims.  24 F.3d 1545, 1552 (9th Cir.
    1994) *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087
20  (9th Cir. 2008) (concluding that district court erred when it did not articulate reasons for its
    remand of the pendent claims); *see Perez v. Otis*, 849 F.2d 793, 798 (2d Cir. 1988) (finding that
21  the court's failure to articulate the particular reasons for remanding pendent claims constituted an
    abuse of discretion because it could not be ascertained whether that discretion had been exercised
22  permissibly).

1  *Terrazzo, Inc., et al.*, No. C13-1007 (W.D. Wash.) under Federal Rule of Civil Procedure

2  42(a). In light of this court's order granting Plaintiff's motion to remand, the court

3  DENIES Defendants motion to consolidate as moot.

### IV.    CONCLUSION

5      For the foregoing reasons, the court GRANTS Mr. Wright's motion for extension

6  of time to file an amended complaint (Dkt. # 38), GRANTS Mr. Wright's motion to

7  remand (Dkt. # 39), and DENIES Defendant's motion to consolidate as moot (Dkt. # 34).

8      Dated this 2nd day of August, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 13